IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 19, 2017 Session

**GABRIEL C. TORRES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2011-CR-659  William R. Goodman III, Judge**

_____

**No. M2016-02361-CCA-R3-PC**

_____

The State appeals after the post-conviction court granted Petitioner, Gabriel C. Torres, post-conviction relief in the form of a new trial. Because the proper remedy was the grant of a delayed appeal, we reverse and remand the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Lee Willoughby, Assistant District Attorney General, for the appellant, State of Tennessee.

H. Garth Click, Springfield, Tennessee, for the appellee, Gabriel C. Torres.

**OPINION**

Petitioner was indicted by the Robertson County Grand Jury on three counts of rape of a child. *State v. Gabriel Torres*, No. M2013-00765-CCA-R3-CD, 2014 WL 4113112, at *1 (Tenn. Crim. App. Aug. 21, 2014), *no perm. app. filed*. Shortly before trial, the State dismissed count three of the indictment. After a jury trial, Petitioner was found guilty of one count of rape of a child and acquitted of one count of rape of a child. The trial court sentenced Petitioner to twenty-five years in incarceration, to be served at 100% as required by statute. The judgment was entered on December 11, 2012.

Trial counsel filed a motion for new trial challenging the sufficiency of the evidence thirty-one days later on January 11, 2013. *Id.* at *5. The trial court dismissed the untimely motion on the basis that it lacked jurisdiction to rule on the motion. *Id.* Petitioner filed an untimely notice of appeal, and asked this Court to waive the timely filing of the notice of appeal. This Court determined that the timely filing of the notice of appeal should be waived and reviewed Petitioner's claim that the evidence was insufficient. *Id.* at *6. However, this Court found Petitioner's claim that the trial court failed to fulfill its role as the thirteenth juror was waived as a result of the untimely motion for new trial. *Id.* at *6. Ultimately, this Court determined that the evidence was sufficient to support the conviction for rape of a child. *Id.* at *7. Petitioner did not seek permission to appeal from the Tennessee Supreme Court.

In January of 2015, Petitioner filed a timely pro se petition for post-conviction relief. In the petition, he alleged that he received ineffective assistance of counsel at trial, that the evidence was insufficient to support his conviction, and that the trial court failed to act as thirteenth juror. Specifically, Petitioner alleged that trial counsel was ineffective for failing to investigate, failing to consult with him adequately prior to trial, failing to "zealously" advocate on his behalf, and failing to file post-trial motions. Post-conviction counsel was appointed and an amended petition was filed in which Petitioner additionally alleged that trial counsel failed to advise Petitioner of "options with respect to plea deals."

*Proof at the Post-conviction Hearing*

At the post-conviction hearing, Petitioner testified that he was an "illegal" who had been in the United States for about sixteen years prior to his indictment. Petitioner had no formal education and claimed he could not read or write. Additionally, Petitioner claimed that he did not speak English and that there was an interpreter present each time he met with trial counsel.

Petitioner insisted that the State "never made [him] any [plea] offers when [he] was in jail." Petitioner also testified that trial counsel never discussed settlement offers with him prior to trial. In fact, Petitioner stated that "it was actually right before the trial, the same day as the trial, when they offered me those four years and one month." Petitioner claimed that if he "had seen [plea offers], he would've accepted them." Petitioner was "ready" to enter a plea but that did not happen.

Petitioner recalled trial counsel's telling him about the appeal process but that trial counsel never came to "talk to [him] at all" about the appeal. Petitioner relied on other prisoners who told him about the thirty-day time limit for filing an appeal. Petitioner even had someone call the clerk's office and discovered that no appeal had been filed.

- 2 -

Counsel for the State assigned to prosecute Petitioner's case testified at the hearing that he entered into "plea negotiations" with trial counsel. "Up until the trial date, the offer had consistently been eight years to serve." On the morning of trial, counsel for the State recalled that the parties "discussed the possibility of a six-year sentence to serve" but that he needed to consult with the family of the victim prior to making that a firm offer. The offer was communicated to trial counsel. Trial counsel told counsel for the State that Petitioner did not want the offer. At that point, counsel for the State recalled telling trial counsel to bring a formal offer but nothing "less than four [years]." Trial counsel came back and asked for an offer of three years, to which counsel for the State replied, "Let's just try it."

Trial counsel testified that he was appointed to represent Petitioner at trial and met with him approximately "four or five times" in addition to court dates. Trial counsel was under the impression that he was "able to communicate without any problems [with Petitioner], so [he] did not have an interpreter at the jail." Trial counsel communicated to Petitioner that he was facing "75 years" as a "maximum." Trial counsel recalled the initial offer was to "reduce the rapes of a child, in two of the three counts, to aggravated sexual battery for a term of eight years on each - - each count and to run those concurrently for an eight-year sentence." Trial counsel testified that Petitioner "did not seem inclined" to take the eight-year offer. On the morning of trial, trial counsel recalled that the State extended a six-year offer. The offer was communicated to Petitioner through an interpreter. Petitioner "shook his head" and told the interpreter that it was "too much," so trial counsel attempted to get a lower offer from the State. Trial counsel recalled "the number four was thrown out" but did not have an "independent recollection that [Petitioner was] told that [counsel for the State] had offered four." Trial counsel's "memory [wa]s that . . . [Petitioner] indicated that three years was a number that might have interested him." At that point, counsel for the State told trial counsel they would "try it." Trial counsel felt that Petitioner was "involved" in the negotiation process.

Trial counsel readily admitted that he "missed the deadline" for the motion for new trial. Appellate counsel took over the case and "filed some motions with the Court of appeals." Trial counsel was under the impression that Petitioner was "granted the ability to ask for his motion for new trial and appeal."

After the hearing, the post-conviction court entered an order. In the order, the post-conviction court determined that trial counsel communicated plea offers to Petitioner prior to the start of trial and that Petitioner "responded in such a manner whereas trial counsel was justified in believing that such offers had been declined." Further, the post-conviction court found that trial counsel met with Petitioner several times prior to trial, and even if trial counsel "should have perhaps visited more frequently with [Petitioner,] there is no showing . . . [of] any prejudice." The post-conviction court noted that it was "undisputed" that trial counsel failed to file a motion for new trial but that Petitioner was

entitled to an appeal from his conviction. Despite the appeal, the post-conviction court deemed trial counsel's failure to act "ineffective assistance of counsel" that could not "simply [be] resolved by the grant of delayed appeal" primarily because of this Court's determination that the "thirteenth juror" issue was waived on appeal. The post-conviction court noted that the trial court dismissed the motion for new trial due to lack of jurisdiction and that trial counsel's failure to file a timely motion for new trial "effectively denied [Petitioner] the opportunity to have the trial judge act as the thirteenth juror." As a result, the post-conviction court granted Petitioner a new trial.

The State appealed.

*Analysis*

On appeal, the State argues that the post-conviction court erred by granting Petitioner a new trial. Instead, the State insists, the post-conviction court should have granted a delayed appeal. Petitioner, on the other hand, contends that the post-conviction court properly granted a new trial as a result of trial counsel's ineffective assistance in failing to file a motion for new trial and failure to communicate plea deals.

*A. Post-conviction Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

*B. Ineffective Assistance of Counsel*

Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result, *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

Petitioner complains that trial counsel failed to file a timely motion for new trial. Trial counsel admitted at the hearing on the petition that he failed to timely file the motion. In fact, the trial court determined that it had no jurisdiction to hear the motion.

On appeal, this Court determined that all issues save sufficiency and sentencing were waived due to the untimely motion for new trial. *Gabriel Torres*, 2014 WL 4113112, at \*6. The post-conviction court determined that counsel's actions were ineffective and, as a result, Petitioner was entitled to a new trial. We disagree.

It is undisputed that the motion for new trial filed herein was untimely. Moreover, it is well-settled that an untimely motion for new trial is a nullity. *See* Tenn. R. Crim. P. 33(b). The record does not preponderate against the post-conviction court's determination that trial counsel's failure to file a timely motion for new trial was ineffective assistance of counsel. *See Wallace v. State*, 121 S.W.3d 652, 657-58 (Tenn. 2003) (holding that the failure to file a motion for new trial was both deficient performance and presumptively prejudicial). However, while we acknowledge that trial counsel's performance was presumptively prejudicial and whole-heartedly agree with that assessment by the post-conviction court, we note that the only remedy for the error is the grant of a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113. This statute outlines the procedure for granting a delayed appeal as follows:

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:
>
> > (1) If a transcript was filed, grant a delayed appeal;
> >
> > (2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or
> >
> > (3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.
>
> (b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

T.C.A. § 40-30-113.

The post-conviction court herein did not grant Petitioner a delayed appeal but rather ordered that Petitioner was entitled to a new trial. The post-conviction court should have granted a delayed appeal utilizing the method proscribed in Tennessee Code Annotated section 40-30-113(a)(3), which authorizes the filing of a motion for new trial. Consequently, we reverse and remand the judgment of the post-conviction court granting Petitioner a new trial. On remand, the post-conviction court should permit Petitioner to file a motion for new trial.

We are mindful that the original trial judge is no longer a judge and is, therefore, unable to consider a motion for new trial in this case.[1] We are also mindful that one of the issues likely to be raised by Petitioner (as evidenced by his attempts to raise it in his petition for post-conviction relief) is the failure of the original trial court to fulfill its role as thirteenth juror. Rule 25(b)(1) of the Rules of Criminal Procedure provides: "After a verdict of guilty, any judge regularly presiding in or who is assigned to a court may complete the court's duties if the judge before whom the trial began cannot proceed because of absence, death, sickness, or other disability." Rule 25(b)(2) elaborates that "[t]he successor judge may grant a new trial when that judge concludes that he or she cannot perform those duties because of the failure to preside at the trial or for any other reason." The determination by a successor judge when assessing whether he or she may perform the duties of the original trial judge necessarily includes an evaluation of the extent to which witness credibility is an issue. *See* T.C.A. § 17-1-305 (2009); Tenn. R. Crim. P. 25(b)(2); *State v. Joel E. Blanton*, No. M2007-01384-CCA-R3-CD, 2009 WL 537558, at *8-10 (Tenn. Crim. App. Mar. 4, 2009), *perm. app. denied* (Tenn. Aug. 24, 2009).

The Tennessee Supreme Court recently examined: "(1) the analytical framework that a successor judge should utilize in deciding whether he can act as the thirteenth juror, and (2) the standard of appellate review of a successor judge's determination that he can or cannot act as the thirteenth juror." *State v. Ellis*, 453 S.W.3d 889, 892 (Tenn. 2015). This assessment requires the successor judge "to determine the extent to which witness credibility was a factor in the case and the extent to which he [or she] ha[s] sufficient

---

[1]The Honorable Michael R. Jones was the original trial judge in this matter in October of 2012. Judge Jones retired in 2014. Judge Jones declined to rule on the untimely filed motion for new trial due to lack of jurisdiction. Judge William R. Goodman III presided over the post-conviction matter and made the determination that Petitioner was entitled to post-conviction relief.

knowledge or records . . . in order to decide whether the credible evidence . . . adequately supported the verdict." *Id.* at 901 (quoting *State v. Nail*, 53 S.W.3d 264, 275 (Tenn. Crim. App. 2000)). To that end, the court recognized that "the cold record of a trial generally will reflect all but one of the components that comprise" witness credibility. *Id.* at 906. As a result, the court adopted a rebuttable presumption in favor of the successor judge ruling as thirteenth juror and held that "[o]nly if the record indicates that weighing the evidence would require an assessment of witness demeanor should the successor judge decline to act as the thirteenth juror." *Id.* at 909. This Court has explained that because a "successor judge was not at the trial to see any of the witnesses testify and would [be] unable to make a credibility determination from the written record[, a] successor judge cannot rule on a motion for a new trial if witness credibility is an overriding issue." *State v. Biggs*, 218 S.W.3d 643, 655 (Tenn. Crim. App. 2006); *see also State v. Gillon*, 15 S.W.3d 492, 502 (Tenn. Crim. App. 1997) ("[A] judge whose first exposure to the case [is] presiding over the motion for new trial [may] rule on the motion if the record [is] available so long as witness credibility [is] not an overriding issue."). Likewise, the Tennessee Supreme Court has determined that "'[w]hen witness credibility is the primary issue raised in the motion for new trial, the successor judge may not approve the judgment and must grant a new trial.'" *State v. Hall*, 461 S.W.3d 469, 493 (Tenn. 2015) (quoting *State v. Letalvis Cobbins*, No. E2012-00448-SC-R10-DD, slip op. at 2 (Tenn. May 24, 2012) (per curiam order)).

On remand in this case, the post-conviction court shall grant a delayed appeal. Petitioner shall have 30 days from entry of this opinion to file a motion for new trial. The trial court should make an initial determination using the test set forth in *Ellis* to determine whether there is an adequate record in this case for the successor judge to review and make all proper assessments of the evidence presented at Petitioner's trial. If the trial court determines that the record is adequate and witness credibility is not an overriding issue, the judge should rule on any motion for new trial filed by Petitioner.

If, on the other hand, the trial court determines that witness credibility was an overriding issue during the original trial, and the issue of the original trial judge's role as thirteenth jury remains an issue, then the trial court, as a successor judge, must determine if the original trial judge exercised his role as thirteenth juror. Tennessee Rule of Criminal Procedure 33(d) states that "the trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." *See State v. Carter*, 896 S.W.2d 119, 122 (Tenn. 1995) (holding that the trial court has a duty to serve as the thirteenth juror). Only if the record contains statements by the trial judge indicating disagreement with the jury's verdict or evidencing the trial judge's refusal to act as the thirteenth juror may an appellate court reverse the trial court's judgment. *Id.* If the reviewing court finds that the trial judge failed to fulfill his role as thirteenth juror, the reviewing court must grant a new trial. *State v. Moats*, 906 S.W.2d 431, 435 (Tenn. 1995). Here, since a motion for new trial was never filed, it makes sense for the

successor judge to be the reviewing court for purposes of determining if the original trial judge failed to fulfilled his role as thirteenth juror. On remand, the trial court, in its role as successor judge, should take great care to review the trial record for any statements made by the original trial judge that indicate disagreement with the jury's verdict including, but not limited to, his adoption of the jury's verdict in a judgment. If the substitute trial judge simply cannot satisfy himself or herself that the original trial judge did fulfill his role as thirteenth juror by approving the jury's verdict, then he or she should grant the motion for new trial, pursuant to *Hall* and *Letalvis Cobbins*.

We will not address Petitioner's remaining post-conviction claims. Rule 28, section 9(D)(1)(b)(i) of the Rules of the Tennessee Supreme Court explicitly provides:

> Upon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court shall enter an order granting the petitioner a delayed appeal, staying the post-conviction proceedings pending the final disposition of the delayed appeal, and providing that the order is final for purposes of appeal under this rule.

This Court has explained that by holding the remainder of a petitioner's post-conviction claims in abeyance, "the petitioner may amend the original petition to challenge any 'new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal.'" *Howard Lee Coleman v. State*, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882, at *6 (Tenn. Crim. App. June 7, 2007) (quoting Tenn. Sup. Ct. R. 28, § 9(D)(3)(a)), *perm. app. denied* (Tenn. Oct. 9, 2009).

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed and remanded for further proceedings consistent with this opinion.

_____
TIMOTHY L. EASTER, JUDGE