IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2018

**ROY THOMAS ROGERS, JR. v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**No. H9449    Clayburn Peeples, Judge**

_____

**No. W2017-01939-CCA-R3-PC**

_____

The Petitioner, Roy Thomas Rogers, Jr., was convicted by a Gibson County jury of initiating the manufacture of methamphetamine, promoting the manufacture of methamphetamine, possessing drug paraphernalia, and criminal impersonation, see T.C.A. §§ 39-16-301(a)(1); 39-17-425(a)(1), -433(a)(1), -435(a), for which he received an effective sentence of twelve years. Thereafter, Petitioner's trial counsel filed an untimely motion for new trial, which was denied, and an untimely notice of appeal. On direct appeal, this court held that the Petitioner had waived his issue regarding the admissibility of certain evidence because trial counsel failed to file a timely motion for new trial and then dismissed the appeal without addressing the insufficiency of the evidence claim because the interest of justice did not warrant waiver of the requirement for timely filing of a notice of appeal. State v. Roy Thomas Rogers, No. W2015-00988-CCA-R3-CD, 2016 WL 1045352, at *2 (Tenn. Crim. App. Mar. 15, 2016). The Petitioner, following his unsuccessful direct appeal, then filed a petition for post-conviction relief, alleging that trial counsel had provided ineffective assistance in failing to file a timely motion for new trial and notice of appeal and in failing to challenge the admission of illegal evidence at trial. After conducting a non-evidentiary hearing, the post-conviction court entered a written order granting the Petitioner a delayed appeal and giving the Petitioner "30 days from the entry of this order to file a notice of appeal with the Tennessee Court of Criminal Appeals based on the Motion for New Trial previously filed in this cause." The Petitioner subsequently filed a timely notice of appeal to this court, arguing (1) the trial court erred in admitting certain evidence at trial and (2) the evidence is insufficient to support his convictions. After conducting a thorough review, we conclude that the trial court did not follow the post-conviction procedures prior to granting the Petitioner a delayed appeal. Accordingly, we reverse and vacate the order granting a delayed appeal and remand the case to the post-conviction court for further proceedings consistent with this opinion. We also remand the case for entry of a corrected judgment in Count 5 reflecting an indicted and conviction offense of criminal impersonation in violation of Tennessee Code Annotated section 39-16-301(a)(1).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Jeff Mueller, Trenton, Tennessee, for the appellant, Roy Thomas Rogers, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History.** On January 22, 2015, a jury convicted the Petitioner of initiating the manufacture of methamphetamine, promoting the manufacture of methamphetamine, possessing drug paraphernalia, and criminal impersonation. Id. at *1-2. The trial court subsequently imposed an effective sentence of twelve years, and on March 18, 2015, the court entered its judgments of conviction in this case. Id. at *2. Thereafter, on April 21, 2015, Petitioner's trial counsel filed an untimely motion for new trial, alleging (1) the trial court erred in admitting evidence from the garbage bag at trial; (2) the trial court erred in failing to suppress the evidence found after the police illegally entered the residence; (3) the evidence was insufficient to sustain his convictions; and (4) the trial court, in its role as thirteenth juror, should have overturned the verdicts as to some or all of the convictions. Id. The transcript of the resulting motion for new trial hearing shows that the trial court never recognized that the motion for new trial was untimely. On May 20, 2015, the trial court, without specifically acknowledging the untimeliness of the motion and without addressing any of the issues on their merits, denied the motion for new trial. On May 27, 2015, Petitioner's trial counsel filed an untimely notice of appeal because his untimely motion for new trial failed to toll the thirty-day period for filing an appeal. See State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).

Thereafter, the Petitioner argued on direct appeal that (1) the trial court erred in admitting at trial evidence from a garbage bag found near the residence and (2) the evidence was insufficient to support his convictions. Roy Thomas Rogers, 2016 WL 1045352, at *1. On March 15, 2016, this court held that the Petitioner had waived his issue regarding the admissibility of the evidence because trial counsel failed to file a timely motion for new trial and then dismissed the appeal, without addressing the insufficiency of the evidence claim, because the interest of justice did not warrant waiver of the notice of appeal requirement. Id. at *2.

On October 27, 2016, the Petitioner filed a timely pro se petition for post-conviction relief,[1] alleging that trial counsel had provided ineffective assistance in failing to file a timely motion for new trial and notice of appeal and in failing to challenge the admission of illegal evidence at trial. The Petitioner was subsequently appointed post-conviction counsel. On August 25, 2017, approximately ten months after the Petitioner filed his petition, the State filed its motion to dismiss the petition and its response. Then, on August 25, 2017, nearly a year after the Petitioner filed his petition, the post-conviction court conducted a hearing, which consisted of argument from counsel but no presentation of proof. On September 11, 2017, the post-conviction court entered an order granting the Petitioner a delayed appeal based on trial counsel's failure to file a timely motion for new trial and notice of appeal in this case. In its order, the post-conviction court made the following findings of fact and conclusions of law, in pertinent part:

> An opinion was issued by the Tennessee Court of Criminal Appeals holding that [the Petitioner's] claims for issues other than insufficient evidence were denied for failure to timely file a motion for new trial and notice of appeal. State v. [Roy Thomas] Rogers, W2015-00988-CCA-R3-CD[, 2016 WL 1045352] (Mar[.] 15, 2016). The parties agreed that [trial] counsel for [the Petitioner] failed to timely file a motion for new trial and failed to timely file a notice of appeal. [The Petitioner] submits that deficient representation by his trial counsel has denied him the right to appeal issues other than insufficient evidence.
>
> . . . Failure by defense counsel to timely file a motion for new trial and notice of appeal are sufficient to raise that presumption [of prejudice] and a delayed appeal should be granted. [Elmi Abdulahi] Abdi v. State, M2012-02688-CCA-R3-PC[, 2013 WL 6081461] (Tenn. Crim. App. [Nov. 18,] 2013). Trial and appellate courts may grant a delayed appeal. Rule 28, Tenn. R. Sup. Ct.
>
> IT IS, THEREFORE, ORDERED that:
>
> 1. The State of Tennessee's motion to dismiss the petition is denied.

---

[1] The State's motion to dismiss references the Petitioner's filing of an amended petition for post-conviction relief, although no such amended petition is included in the appellate record. If an amended petition was filed, the Petitioner's failure to include it in the record risks waiver of his issues on appeal. See Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Moreover, if the decision was made that no amended petition would be filed, then post-conviction counsel was required to file a written notice indicating that he had consulted with the Petitioner and that the Petitioner had agreed that there was no need to amend the petition. See T.C.A. § 40-30-107(b)(2). If such a written notice was filed, it also should have been included in the record on appeal.

2.  The [Petitioner's] petition for post[-]conviction relief is granted.

3.  [The Petitioner] shall have 30 days from the entry of this order to file a notice of appeal with the Tennessee Court of Criminal Appeals based on the Motion for New Trial previously filed in this cause.

On September 28, 2017, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues (1) the trial court erred in admitting a garbage bag that contained 47.21 grams of methamphetamine and several items used to manufacture methamphetamine, and (2) the evidence is insufficient to support his convictions. Before deciding these issues on their merits, however, we must first determine whether the post-conviction court followed the proper post-conviction procedures prior to granting the Petitioner a delayed appeal.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. Once a petitioner files a petition for post-conviction relief, the State is required to file "an answer or other responsive pleading within thirty (30) days, unless extended for good cause." Id. § 40-30-108(a). If the trial court does not dismiss the post-conviction petition, "the court shall enter an order setting an evidentiary hearing . . . no later than thirty (30) days after the filing of the state's response." Id. § 40-30-109(a) (emphases added); see Tenn. Sup. Ct. R. 28, § 8(A). "The evidentiary hearing shall be within four (4) calendar months of the entry of the court's order [setting the evidentiary hearing]." T.C.A. § 40-30-109(a); see Tenn. Sup. Ct. R. 28, § 8(B). At the evidentiary hearing, "[t]he petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence." T.C.A. § 40-30-110(f) (emphases added); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part and shall enter an appropriate order and any supplementary orders that may be necessary and proper." T.C.A. § 40-30-111(a).

- 4 -

The Petitioner raised two issues in his post-conviction petition, that trial counsel provided ineffective assistance (1) in failing to file a timely motion for new trial and notice of appeal and (2) in failing to challenge the admission of illegal evidence at trial. In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). In Wallace v. State, 121 S.W.3d 652, 658 (Tenn. 2003), the Tennessee Supreme Court held that counsel's failure to file a timely motion for new trial, which waived all issues on appeal except sufficiency of evidence, was both "deficient" and "presumptively prejudicial" because it "resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." Nevertheless, the Wallace court

> decline[d] to adopt a per se rule regarding a trial counsel's failure to file a motion for new trial; instead, a petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence.

Id. at 659.

The record in this case shows that the post-conviction court, upon being presented with the Petitioner's claims, never conducted an evidentiary hearing on the issues raised in the post-conviction petition. See T.C.A. § 40-30-109(a); Tenn. Sup. Ct. R. 28, § 8(B). Instead, the post-conviction court entered an order granting the Petitioner a delayed appeal based on trial counsel's ineffectiveness in filing an untimely motion for new trial. See T.C.A. § 40-30-111(a). The order of the post-conviction court properly addressed counsel's failure to file a timely motion for new trial. However, it did not include a statement that the court was staying the post-conviction proceedings on the Petitioner's remaining claim, that trial counsel was ineffective in failing to challenge the admission of illegal evidence at trial, pending final disposition of the Petitioner's delayed appeal. Cf. Torres v. State, 543 S.W.3d 141, 148 (Tenn. Crim. App. 2017) (recognizing that by holding the remainder of a petitioner's post-conviction claims in abeyance, the petitioner may amend the original petition to present new issues cognizable in a post-conviction proceeding that result from the handling of the delayed appeal), and Tenn. Sup. Ct. R. 28, § 9(D)(1)(b)(i) (last amended August 25, 2003) (providing that "[u]pon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court shall enter an order granting the petitioner a delayed appeal, staying the post-conviction proceedings pending the final disposition of the delayed appeal"), with Gibson v. State, 7 S.W.3d 47, 50

(Tenn. Crim. App. 1998) (stating that "[i]n those situations where an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, we believe the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice").

In addition, a review of the record shows that the post-conviction court prevented the Petitioner from filing a proper motion for new trial upon grant of the delayed appeal. A post-conviction court must follow the procedures outlined in Code section 40-30-113 when granting a delayed appeal:

(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

(b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

T.C.A. § 40-30-113.

Our review of the September 11, 2017 order indicates that the post-conviction court granted the Petitioner a delayed appeal pursuant to Code section 40-30-113(a)(1) and limited the Petitioner's grounds on appeal to those alleged in his untimely April 21, 2015 motion for new trial. Though never acknowledged by the post-conviction court, an untimely motion for new trial is a nullity. See Tenn. R. Crim. P. 33(b); State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997) (concluding that the "[f]ailure to file a written motion for new trial within the required thirty days not only results in the appellant losing the right to have a hearing on the motion, but it also deprives the appellant of the opportunity to argue on appeal any issues that were or should have been presented in the motion for new trial"); State v. Johnson, 980 S.W.2d 414, 418 (Tenn. Crim. App. 1998) (noting that a defendant "relinquishes the right to argue on appeal any issues that were or should have been presented in the motion for new trial").

Given the particular circumstances in this case, the post-conviction court, in granting a delayed appeal, should have followed the procedure outlined in Code section 40-30-113(a)(3), which authorizes the Petitioner to file a proper motion for new trial within thirty days. See State v. Weilacker, No. M2013-01532-SC-R11-CD (Tenn. Jan. 20, 2015) (giving Weilacker's trial counsel thirty days from the date of the supreme court's order to file a proper motion for new trial after the trial court granted Weilacker a delayed appeal on the basis that trial counsel filed an untimely motion for new trial and counsel subsequently failed to file a motion for new trial as provided in Code section 40-30-113(a)(3), which resulted in a waiver of all issues on direct appeal other than sufficiency of the evidence and sentencing); Torres, 543 S.W.3d at 145-46 (concluding that although the post-conviction court properly determined that trial counsel's failure to file a timely motion for new trial was ineffective assistance of counsel, the court "should have granted a delayed appeal utilizing the method pr[e]scribed in Tennessee Code Annotated section 40-30-113(a)(3), which authorizes the filing of a motion for new trial."); Jerry Rommell Gray v. State, No. E2014-00849-CCA-R3-PC, 2015 WL 2257191, at *3 (Tenn. Crim. App. May 13, 2015) (holding that because trial counsel filed an untimely motion for new trial, "the proper procedure upon grant of a delayed appeal in this case would be the method pr[e]scribed in Tennessee Code Annotated section 40-30-113(a)(3), authorizing the filing of a motion for new trial."). Accordingly, we reverse and vacate the order granting the delayed appeal and remand this case to the post-conviction court for proceedings consistent with this opinion.

If the post-conviction court again determines, after conducting the required evidentiary hearing, that the Petitioner is entitled to a delayed appeal, it should state in its order granting the delayed appeal that the Petitioner is authorized to file a proper motion for new trial, submitting any and all claims of error at his January 2015 trial, within thirty days of entry of its order. See Terry Lynn Byington v. State, No. E2006-01712-CCA-R3-PC, 2007 WL 4167812, at *5 (Tenn. Crim. App. Nov. 26, 2007) ("[The] Petitioner is not

limited to the issues raised in his untimely filed motion for new trial when he files a motion for new trial preparatory to pursuing a delayed appeal."); Jerry Rommell Gray, 2015 WL 2257191, at *4 ("On remand, the post-conviction court should grant a delayed appeal, allowing counsel for Petitioner to file a motion for new trial setting forth all claims of error at Petitioner's February 2010 trial within 30 days, pursuant to Tennessee Code Annotated section 40-30-113(a)(3)."). The post-conviction court's order should also state that the court is staying the post-conviction proceedings on the Petitioner's remaining claim or claims, pending final disposition of the delayed appeal.

Lastly, we note some clerical errors in the judgment of conviction for Count 5 that require correction. In Count 5, the statute for both the indicted offense and conviction offense was incorrectly identified as Tennessee Code Annotated section 39-16-301(b), rather than Code section 39-16-301(a)(1). Consequently, we also remand the case for entry of a corrected judgment in Count 5 reflecting an indicted and conviction offense of criminal impersonation and a Code section of 39-16-301(a)(1).

## CONCLUSION

Because the post-conviction court did not follow the post-conviction procedures prior to granting the Petitioner a delayed appeal, we reverse and vacate the order granting the delayed appeal and remand the case for the post-conviction court to conduct a full evidentiary hearing on the issues raised by the Petitioner in his post-conviction petition. We also remand the case for entry of a corrected judgment in Count 5 reflecting an indicted and conviction offense of criminal impersonation in violation of Tennessee Code Annotated section 39-16-301(a)(1).

_____
CAMILLE R. MCMULLEN, JUDGE