IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

## SHAROD WINFORD MOORE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 17CR55  Franklin L. Russell, Judge**

_____

**No. M2017-02314-CCA-R3-PC**

_____

Following the post-conviction court's granting of a delayed appeal, the petitioner challenges the trial court's denial of his request for an instruction charging the jury that Jason McCollum was an accomplice as a matter of law. After reviewing the record and considering the applicable law, we conclude the post-conviction court did not follow the proper procedures in granting a delayed appeal and remand the case to the post-conviction court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Vacated, and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

M. Wesley Hall IV, Unionville, Tennessee, for the appellant, Sharod Winford Moore.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In 2014, the petitioner was indicted by the Marshall County Grand Jury on one count of first degree murder. After a jury trial, the petitioner was found guilty of first degree murder and sentenced to life imprisonment. The judgment was entered on November 14, 2014.

Trial counsel filed a motion for new trial on January 6, 2015, twenty-two days late.[1] However, the trial court failed to recognize the untimeliness of the motion and a hearing was held on March 13, 2015, where the motion was orally overruled. Because the untimely motion for new trial failed to toll the thirty-day period for filing an appeal, trial counsel filed an untimely notice of appeal on April 10, 2015.

On direct appeal, the petitioner argued (1) the evidence was insufficient to support his conviction; (2) the trial court erred in overruling his motion for change of venue; (3) the trial court erred in denying his request to present evidence of the victim's propensity for violence; (4) the trial court erred in denying his request to charge the jury that Jason McCollum was an accomplice as a matter of law; (5) the trial court erred in allowing an incompetent witness to testify; (6) the trial court erred in denying a request to cross-examine Clifford Watkins regarding a previous arrest and determination that he was incompetent to stand trial; (7) the trial court erred in denying a pre-trial motion to prevent the State from eliciting testimony that the petitioner was a member of the Vice Lords gang; (8) the prosecutor engaged in misconduct during closing arguments by misstating the law; and (9) the State committed a *Brady* violation by providing redacted exculpatory witness statements. *State v. Sharod Winford Moore*, No. M2015-00663-CCA-R3-CD, 2016 WL 3610438, at *1 (Tenn. Crim. App. June 28, 2016), *perm. app. denied* (Tenn. Nov. 17, 2016). This Court determined all issues except sufficiency were waived due to trial counsel's failure to file a timely motion for new trial, and, in addition, the issue of sufficiency was also waived as a result of trial counsel's failure to cite to the record within the petitioner's brief. *Id.* at *8. However, because of the severity of the petitioner's conviction, the untimely appeal was waived, and the sufficiency of the evidence was reviewed. *Id.* at *9. Ultimately, this Court held the evidence was sufficient to support the conviction of first degree murder. However, in a footnote, this Court noted, although the trial court erred in failing to give the petitioner's requested jury instruction that Jason McCollum was an accomplice as a matter of law, any error was harmless because Mr. McCollum's testimony was sufficiently corroborated. *Id.* at *9 n.13, 11.

On June 5, 2017, the petitioner filed a timely pro se petition for post-conviction relief, alleging the State introduced inadmissible evidence at the preliminary hearing and trial, the petitioner's sentence is illegal, and trial counsel was ineffective for filing an untimely motion for new trial and failing to object to the inadmissible evidence or illegal sentence. After the appointment of counsel, the petitioner filed an amended petition for post-conviction relief, claiming trial counsel was ineffective in failing to call Polly Crabtree and Jeffrey "Pookie" Mitchell as witnesses at trial, opening the door at trial

---

[1] Because the untimely motion for new trial was not included in the record, we do not know precisely what arguments were made therein.

regarding the petitioner's membership in the Vice Lords street gang, failing to have the petitioner transported to court for a pretrial motion, and failing to ask for plain error review on appeal.

On October 13 and November 2, 2017, the post-conviction court held an evidentiary hearing, where trial counsel admitted she had the incorrect dates on her calendar, causing her to file the petitioner's motion for new trial after the thirty day deadline. She did not realize the motion was untimely until she read the State's brief on direct appeal. On November 6, 2017, the post-conviction court entered an order granting the petitioner a delayed appeal based on trial counsel's failure to file a timely motion for new trial and notice of appeal. The petitioner's remaining post-conviction claims were dismissed.

In granting the delayed appeal, the post-conviction court concluded:

> It is, however, concluded that the representation of [trial counsel] in filing her [m]otion for [n]ew [t]rial late and in filing her [n]otice of [a]ppeal late fell below the applicable standard. But for those errors, the [petitioner] would have had appellate review of all of the issues raised in the original [m]otion for [n]ew [t]rial, denied by the trial court, and not reviewed by the Court of Appeals in their original opinion. A new hearing on the original [m]otion for [n]ew [t]rial and the opportunity to file a new motion for new trial appear to be unnecessary to obtain what the [p]etitioner has lost. There was no allegation in the post-conviction proceeding that issues were omitted from the original [m]otion for [n]ew [t]rial, but rather it was simply alleged that the [m]otion was filed late and review of certain issues was thereby lost.

Following the post-conviction court's decision, the petitioner filed this timely appeal.

### *Analysis*

On appeal, the petitioner argues the trial court erred in failing to charge the jury that Jason McCollum was an accomplice as a matter of law. However, before addressing this issue on the merits, we must first determine whether the post-conviction court followed the proper procedures in granting the petitioner a delayed appeal.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The

petitioner bears the burden of proving his post-conviction factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The findings of fact established at a post-conviction evidentiary hearing are conclusive on appeal unless the evidence preponderates against them. *Tidwell v. State*, 922 S.W.2d 497, 500 (Tenn. 1996). This Court will not reweigh or reevaluate evidence of purely factual issues. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, appellate review of a trial court's application of the law to the facts is *de novo,* with no presumption of correctness. *See Ruff v. State*, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel presents mixed questions of fact and law. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Thus, this Court reviews the petitioner's post-conviction allegations *de novo,* affording a presumption of correctness only to the post-conviction court's findings of fact. *Id.*; *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the standard for determining ineffective assistance of counsel applied in federal cases is also applied in Tennessee). The *Strickland* standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. In order for a post-conviction petitioner to succeed, both prongs of the *Strickland* test must be satisfied. *Id*. Thus, courts are not required to even "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.*; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (stating that "a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

A petitioner proves a deficiency by showing "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the *Strickland* test is satisfied when the petitioner shows there is a reasonable probability, or "a probability sufficient to undermine confidence in the outcome," that "but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

It is undisputed the petitioner's motion for new trial was untimely filed, and trial counsel's failure to timely file a motion for new trial is both "deficient" and "presumptively prejudicial" because it "result[s] in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." *Wallace v. State*, 121 S.W.3d 652, 659 (Tenn. 2003). While a delayed appeal is indeed the proper remedy for this error, the post-conviction court failed to follow the proper procedures outlined in Tennessee Code Annotated section 40-30-113.

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review the judge can:
>
> (1) If a transcript was filed, grant a delayed appeal;
>
> (2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or
>
> (3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.
>
> (b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order for the appellate court determining the appeal.

(c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

Tenn. Code Ann. § 40-30-113.

In addition, Rule 28, section 9(D)(1)(b)(i) of the Rules of the Tennessee Supreme Court explicitly states:

Upon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court shall enter an order granting the petitioner a delayed appeal, staying the post-conviction proceedings pending the final disposition of the delayed appeal, and providing that the order is final for purposes of appeal under this rule.

Here, the post-conviction court entered an order granting the petitioner a delayed appeal based on trial counsel's ineffectiveness in filing an untimely motion for new trial, limiting the new appeal to the issues not resolved by this Court on direct appeal. In addition, the post-conviction court held it was unnecessary for the petitioner to file a new motion for new trial, stating "[s]uch a motion was filed, argued, and overruled in the trial court." However, it is well-settled that an untimely motion for new trial is a nullity. Tenn. R. Crim. P. 33(b). Moreover, rather than staying the post-conviction proceedings pending the disposition of the delayed appeal, the post-conviction court simply dismissed the remainder of the petitioner's claims. *See Torres v. State*, 543 S.W.3d 141, 148 (Tenn. Crim. App. 2017) (noting that holding the remainder of the petitioner's post-conviction claims in abeyance allows the petitioner to amend the original petition and present new claims stemming from the handling of the delayed appeal).

The post-conviction court, in granting a delayed appeal, should have followed the procedure outlined in Tennessee Code Annotated section 40-30-113(a)(3), allowing the petitioner to file a proper motion for new trial within thirty days, and Rule 28, section 9(D)(1)(b)(i) of the Rules of the Tennessee Supreme Court, directing the post-conviction court to stay the original petition until the delayed appeal is completed. *See Roy Thomas Rogers, Jr. v. State*, No. W2017-01939-CCA-R3-PC, 2018 WL 6075655, at *5 (Tenn. Crim. App. Nov. 20, 2018) (concluding the post-conviction court should have followed the correct procedures and allowed the petitioner to file a proper motion for new trial within 30 days); *Torres*, 543 S.W.3d at 146 (holding the post-conviction court erred in granting the petitioner a new trial instead of allowing him to file a motion for new trial). Accordingly, we reverse and vacate the order granting the delayed appeal and remand this case to the post-conviction court for proceedings consistent with this opinion.

- 6 -

*Conclusion*

Because the post-conviction court failed to follow the proper procedures prior to granting the petitioner a delayed appeal, we reverse and vacate the order granting a delayed appeal and remand the case to the post-conviction court for further proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE