IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2019

## JOHNATHAN ROBERT LEONARD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**Nos. 18-CR-101, 15-CR-110      Franklin L. Russell, Special Judge**

_____

### No. M2018-01737-CCA-R3-PC

_____

The Defendant, Johnathan Robert Leonard,[1] was convicted of three counts of rape of a child, two counts of soliciting sexual exploitation of a minor, and one count of aggravated sexual battery and was sentenced to an effective term of ninety-six years. After this court affirmed the judgments on direct appeal, the Defendant sought post-conviction relief, alleging ineffective assistance of counsel at trial and on appeal. The post-conviction court granted the Defendant a delayed appeal to allow him to challenge his sentence. In this delayed appeal, the Defendant challenges the length of his sentence for each conviction and the trial court's imposition of partial consecutive sentences. We conclude that counsel was not ineffective in failing to challenge the Defendant's sentence in his direct appeal and that the post-conviction court, therefore, erred in granting the delayed appeal. Accordingly, we vacate the post-conviction court's order and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Circuit Court Vacated; Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender; and Michael Collins (at hearing) and William J. Harold (at hearing and on appeal), Assistant District Public Defenders, for the appellant, Johnathan Robert Leonard.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Andrew Wright and

---

[1] We note that the Defendant's name appears as "Johnathon" in various pleadings. We utilize the spelling of the Defendant's name as it appears in the indictment.

William Bottoms, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The evidence presented at trial established that the Defendant sexually abused the nine-year-old and seven-year-old daughters of his girlfriend over a period of time. *See State v. Johnathan Robert Leonard*, No. M2016-00269-CCA-R3-CD, 2017 WL 1455093, at *1-2 (Tenn. Crim. App. Apr. 24, 2017), *perm. app. denied* (Tenn. Aug. 16, 2017). From August 2013 to March 2014, the victims and their mother lived with the Defendant, and the Defendant cared for the victims after school and on weekends while their mother was at work. *Id.* at *1. On March 2, 2014, the victims disclosed the Defendant's sexual abuse to their mother. *Id*. The following day, the victims' mother contacted the police, and the victims were interviewed by detectives and underwent forensic examinations. *Id.* The Defendant was arrested based on the disclosures made by the victims. *Id.* Detectives interviewed the Defendant after he waived his rights, and he denied the allegations of sexual abuse. *Id.*

At trial, the seven-year-old victim testified to numerous instances of sexual abuse by the Defendant, stating that the Defendant made her touch his penis, pulled down his pants and told her what to do with his penis on multiple occasions, put his penis in her mouth, touched her "bottom" and vagina with his penis, and put his penis "in [her] bottom" during which she felt pain. *Id.* at *1. The nine-year-old victim testified that the Defendant showed his "private parts" to her, made her move her hand "up and down" his penis on more than one occasion, touched her "butt" with his penis, and pushed his penis "[i]n [her] butt," which caused her pain. *Id.* She recalled that the Defendant put lotion in her hand and made her rub the lotion on his penis, that the Defendant's penis "would go straight," and that "clear, white stuff would come out." *Id.* She also saw the Defendant put his penis into the other victim's mouth. *Id.* Both victims testified that the Defendant showed them pornographic movies. *Id.*

The Defendant testified at trial and denied sexually abusing the victims or showing them pornographic movies. *Id.* at *2. He stated that on the morning in which the victims made the disclosures, he and their mother had an argument during which the Defendant told the victims' mother that he was leaving her. *Id.* The Defendant said that he had told the victims' mother that he was leaving her on a prior occasion and that she had threatened to "put him in jail." *Id.* The jury subsequently convicted the Defendant of

three counts of rape of a child, two counts of soliciting sexual exploitation of a minor, and one count of aggravated sexual battery.

During the sentencing hearing, the State presented the Defendant's presentence report, which reflected prior convictions for driving on a suspended license, two misdemeanor marijuana offenses, and disorderly conduct. His probation had been revoked for one of the marijuana convictions, and he admitted to prior extensive use of marijuana.

The victims' mother testified that several months before the victims disclosed the sexual abuse to her, she began noticing that the victims no longer wanted to be around the Defendant and that the victims became "[m]ore reclusive." During the same time period, the younger victim began having behavioral outbursts, and the older victim's grades began slipping. The victims' mother stated that since the disclosure of the abuse, the older victim was more reserved, did not trust anyone, and had anger issues. The victims' mother agreed that the abuse continued to have an emotional impact on the older victim. The victims' mother testified that the younger victim was "not the innocent little girl she used to be" and that she wanted to wear more revealing clothing. The victims' mother stated that when the younger victim was around an adult male, she gravitated toward him, "seem[ed] to want all the attention," and was "a little clingy." The victims began therapy shortly after they disclosed the abuse and continued with the therapy for sixteen to eighteen months. The victims' mother believed the younger victim needed to continue with the therapy. The victims' mother believed the Defendant's actions would have a lasting impact on her family and requested that the Defendant receive the maximum sentence.

The trial court applied the following enhancement factors: (1) the Defendant had "a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;" (7) "[t]he offense involved a victim and was committed to gratify the [D]efendant's desire for pleasure or excitement;" (8) the Defendant previously "failed to comply with the conditions of a sentence involving release into the community;" and (14) the Defendant abused a position of private trust. *See* T.C.A. § 40-35-114. The trial court noted that the Defendant's criminal record was "not particularly significant" and that enhancement factor (8) only applied "in a minor way." The trial court found that enhancement (14), the abuse of private trust, was present "in a very powerful way" because the victims had referred to the Defendant as "daddy," he was their babysitter while their mother worked, and he accomplished the abuse while acting in a "quasi parental role." The trial court also found that the evidence presented at trial established that the Defendant committed the acts to gratify his desire for pleasure or excitement. The trial court found that no mitigating factors applied. The trial court sentenced the Defendant, as a Range II multiple offender, to thirty-two years at one

hundred percent for each conviction of rape of a child and, as a Range I standard offender, to ten years at one hundred percent for the aggravated sexual battery conviction and five years at thirty percent for each conviction of soliciting sexual exploitation of a minor.

The trial court imposed partial consecutive sentences based upon Tennessee Code Annotated section 40-35-115(b)(5).

> The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

The trial court stated that the Defendant committed the offenses against the seven-year-old and nine-year-old victims and that the victims suffered "very significant mental harm" as a result of the Defendant's acts, which required that they undergo mental health counseling. The trial court found that the abuse occurred over a significant period of time while the Defendant was serving in a "quasi parental role." The trial court also considered the nature and scope of the sexual acts, noting that the abuse involved both anal and oral penetration. The trial court found that based upon the purposes of the sentencing act, full consecutive sentencing would not be appropriate. The trial court ordered the Defendant to serve his sentences for his convictions for rape of a child consecutively to each other but concurrently to his sentences for his other convictions, resulting in an effective sentence of ninety-six years at one hundred percent.

The Defendant filed a timely motion for new trial and an amended motion for new trial. Following a hearing, the trial court entered an order denying the motion. The Defendant filed a timely notice of appeal. On direct appeal, the Defendant raised claims of prosecutorial misconduct and "irregularities" during voir dire and jury selection. *See Jonathan Robert Leonard*, 2017 WL 1455093, at *4, 9. This court affirmed the trial court's judgments on direct appeal, and the Tennessee Supreme Court denied the Defendant's application for permission to appeal. *See id.* at *14.

**Post-Conviction Proceedings**

The Defendant filed a pro se petition for post-conviction relief and an amended petition following the appointment of counsel in which he maintained that he had received ineffective assistance of counsel at trial and on appeal. As relevant to the post-conviction court's granting of the delayed appeal, the Defendant alleged that trial counsel

was ineffective in failing to challenge the sufficiency of the evidence supporting his convictions and his sentence on appeal.

During an evidentiary hearing, the Defendant and trial counsel, who was retained to represent the Defendant at trial and on appeal, testified regarding the Defendant's multiple claims of ineffective assistance of counsel. In relation to the issues raised in this appeal, the Defendant testified that trial counsel did not discuss with him the issues that would be raised on direct appeal. The Defendant stated that following the filing of this court's opinion on direct appeal, trial counsel wrote him a letter, informing him that the Tennessee Supreme Court denied his application for permission to appeal and of his right to file a post-conviction petition. Trial counsel stated in the letter that he would testify in the post-conviction hearing that he was ineffective when he made objections at trial but failed to raise issues related to those objections in the motion for new trial.

Trial counsel testified that after the direct appeal was concluded, he sent a letter to the Defendant stating that he believed he was ineffective because he failed to properly preserve issues regarding objections that he had made at trial. Trial counsel affirmed that he continued to hold this belief, but he did not specify the issues to which he was referring. He also believed that the Defendant would have had a better chance of a favorable result on appeal had trial counsel raised the issues.

Trial counsel testified that he did not challenge the sufficiency of the evidence or the Defendant's sentence on appeal because he did not believe that they were viable issues. He believed that based upon the evidence, neither issue had "a snowball's chance of success." On cross-examination, trial counsel testified that when representing a client on appeal, he focused on the issues that he believed to be viable. He explained that he did not take a "kitchen sink" approach in raising issues on appeal because he believed that the viable issues "kind of get lost and maybe paid less attention to."

Trial counsel recalled that during the sentencing hearing, he requested that the trial court impose the minimum sentence of twenty-five years at one hundred percent. He agreed that he did not challenge the Defendant's sentence on appeal because he believed that the sentence imposed by the trial court was consistent with the verdict and the sentencing guidelines.

Following the hearing, the post-conviction court entered an order denying all issues of ineffective assistance of counsel with the exception of the Defendant's claim relating to trial counsel's failure to challenge the Defendant's sentence on direct appeal. The post-conviction court found that while trial counsel articulated a strategic reason for failing to challenge the sufficiency of the evidence and the Defendant's sentence on appeal, "it is difficult to find that his strategy was defensible." The court stated that in its

experience, these issues were "almost always" raised in a motion for new trial and on appeal. The court rejected trial counsel's belief regarding the dangers of raising claims on appeal that may not be viable.

The post-conviction court found that even though trial counsel's failure to challenge the sufficiency of the evidence was deficient, the outcome of the appeal would not have been different had the issue been raised on appeal. The court found that based upon the evidence presented at trial and this court's standard of review on issues of sufficiency, this court would not have found the evidence to be insufficient. With regard to trial counsel's failure to challenge the Defendant's sentence on appeal, the post-conviction court stated that

> [i]t is truly extraordinary not to challenge the imposition of a sentence of ninety-six years. While this trial judge made every effort to articulate on the record the bases for the sentencing decisions with specific references to portions of the statutory sentencing guidelines, and while this trial judge believes that the sentence will be upheld, it is found that to fail to raise any challenge to a ninety-six year sentence falls below the applicable standard.

The post-conviction court found that the prejudice prong for ineffective assistance of counsel claims

> may not be obviously present from a technical point of view. The outcome may not have been any different had there been appellate review of the sentence. This judge believes that the sentence would have been affirmed. However, what is inescapable is that the Defendant was denied the basic due process right to have [a] ninety-six year sentence reviewed on appeal. However horrific the crimes were and however overwhelming the evidence against the Defendant was, a sentence of ninety-six years should be passed upon by more than just one judge.

The post-conviction court granted the Defendant a "late-filed appeal" to challenge his sentence. The court appointed post-conviction counsel to represent the Defendant in the appeal of his sentence and "on the dismissal of the other issues, although it is recognized that pursuit of those dismissals may possibly await resolution of the late-filed appeal of the sentence." The court directed post-conviction counsel to "consult with the appellate clerk, if necessary, to ascertain the correct chronology for the resolution of the two sets of issues subject to appeal."

## ANALYSIS

The Defendant contends that his sentence is excessive. He argues that the trial court misapplied enhancement factor (7), improperly weighed the applicable enhancement factors, erred in imposing partial consecutive sentences, and imposed a sentence that was not consistent with the principles of sentencing. The State responds that the post-conviction court erred in granting a delayed direct appeal and that, therefore, the appeal should be dismissed. The Defendant filed a reply brief, arguing that a delayed appeal was proper because, by not challenging his sentence on direct appeal, trial counsel failed to subject the State's case to the adversarial process and cost the Defendant "the very basic due process review of a very lengthy sentence."

Under the Post-Conviction Procedure Act, a petitioner is entitled to relief when "the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Tennessee Code Annotated section 40-30-111(a) provides in part:

> If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part and shall enter an appropriate order and any supplementary orders that may be necessary and proper.

The post-conviction court "can" grant a delayed appeal when the court "conducting a hearing … finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee." T.C.A. § 40-30-113(a)(1).

A petitioner "may receive a delayed appeal where there has been a denial of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution." *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003). Courts apply a two-prong-test in determining whether a petitioner has been denied the constitutional right to effective assistance of counsel. *Strickland*, 466 U.S. 668, 687 (1984); *Wallace*, 121 S.W.3d at 656-57. First, the petitioner must establish that counsel was deficient in that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008); *see Strickland*, 466 U.S. at 687. Second, the petitioner must establish prejudice by showing a reasonable probability that, absent the errors, the result of the proceedings would have been different. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009); *see Strickland*, 466 U.S. at 687, 694. The same

principles apply in determining effective assistance of both trial and appellate counsel, and a petitioner must show both deficient performance and prejudice. *See Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995).

When a petitioner seeks post-conviction relief, the petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f); *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). The findings of fact made by a post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Ward*, 315 S.W.3d at 465. This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). A claim of ineffective assistance of counsel raises a mixed question of law and fact which this court reviews de novo. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). The post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *Id.*

The Defendant relies upon the Tennessee Supreme Court's opinion in *Wallace v. State*, 121 S.W.3d 652 (Tenn. 2003), to support his claim that the post-conviction court properly granted a delayed appeal. In *Wallace*, our supreme court upheld the post-conviction court's granting of a delayed appeal due to trial counsel's failure to file a timely motion for new trial, which resulted in the waiver of all issues on direct appeal except for sufficiency of the evidence. *Id.* at 654. In analyzing the ineffective assistance of counsel claim, the court first concluded that trial counsel was deficient in failing to file a timely motion for new trial or to withdraw to allow the petitioner to file a pro se motion. *Id.* at 657.

The court determined that the petitioner was not required to establish actual prejudice from trial counsel's deficient performance pursuant to *Strickland*. *Id.* at 658. The court stated that trial counsel abandoned the petitioner at a critical stage of the proceedings, which "resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." *Id.* (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). The court held that under such circumstances, prejudice is presumed. *Id.* The court declined "to adopt a *per se* rule regarding a trial counsel's failure to file a motion for new trial" but concluded that a petitioner "must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have

been filed raising issues in addition to sufficiency of the evidence." *Id.* at 659. The court stated that such a rule "protects a defendant's constitutional right to effective assistance of counsel, while preventing petitioners from pursuing untimely direct appeals in cases where they have in fact received effective assistance of counsel in connection with post-trial procedure." *Id.*

However, unlike the court in *Wallace*, we conclude that trial counsel in the present case was not deficient in failing to challenge the Petitioner's sentence on direct appeal, that the actual prejudice standard and not the presumed prejudice standard applies, and that the Petitioner failed to establish actual prejudice. Accordingly, the post-conviction court erred in granting the delayed appeal.

## A. Deficiency

Unlike the attorney in *Wallace*, trial counsel in the present case filed a timely motion for new trial raising multiple issues, filed a timely notice of appeal, and raised multiple issues on direct appeal that this court addressed on the merits. *See Jonathan Robert Leonard*, 2017 WL 1455093, at *3-14. The issue in the present case involves trial counsel's failure to challenge the Defendant's sentence in a properly perfected direct appeal.

Counsel is not constitutionally required to raise every conceivable issue on appeal or to present the issues chosen by his or her client. *See Carpenter v. State*, 126 S.W.3d 879, 887 (Tenn. 2004); *Brandon Churchman v. State*, No. W2017-02338-CCA-R3-PC, 2019 WL 3072106, at *4 (Tenn. Crim. App. July 12, 2019), *no perm. app. filed*. "'[F]ailure to preserve and/or assert all arguable issues on appeal is not per se ineffective assistance of counsel, since the failure to do so may be a part of … counsel's strategy of defense.'" *Brandon Churchman*, 2019 WL 3072106, at *4 (quoting *State v. Matson*, 729 S.W.2d 281, 282 (Tenn. Crim. App. 1986)). Generally, the determination of which issues to raise on appeal is within counsel's sound discretion, and courts should give considerable deference to counsel's professional judgment regarding which issues will best serve his or her client on appeal. *Carpenter*, 126 S.W.3d at 887; *see Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Campbell*, 904 S.W.2d at 597. "Deference to counsel's tactical choices, however, applies only if such choices are within the range of competence required of attorneys in criminal cases." *Carpenter*, 126 S.W.3d at 887 (citing *Campbell*, 904 S.W.2d at 597).

When a petitioner claims ineffective assistance of counsel due to counsel's failure to raise a particular issue on appeal, the reviewing court must determine the merits of the issue. *Id.* (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). If an issue is weak or without merit, counsel's failure to raise the issue is not deficient. *Id.* Our supreme

court has set forth the following "non-exhaustive" list of factors "useful in determining whether an attorney on direct appeal performed reasonably competently in a case in which counsel has failed to raise an issue":

> 1) Were the omitted issues "significant and obvious"?
> 2) Was there arguably contrary authority on the omitted issues?
> 3) Were the omitted issues clearly stronger than those presented?
> 4) Were the omitted issues objected to at trial?
> 5) Were the trial court's rulings subject to deference on appeal?
> 6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> 7) What was appellate counsel's level of experience and expertise?
> 8) Did the petitioner and appellate counsel meet and go over possible issues?
> 9) Is there evidence that counsel viewed all the facts?
> 10) Were the omitted issues dealt with in other assignments of error?

*Id.* at 888-89 (quoting *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999)).

In the present case, trial counsel testified that he did not challenge the Defendant's sentence on direct appeal because he believed the challenge was without merit and that, instead, he chose to focus on those issues that he believed to be viable. The post-conviction court found that trial counsel's strategy was unreasonable, stating that a defendant's sentence is "almost always" challenged on direct appeal and rejecting trial counsel's belief regarding the dangers of raising claims on appeal that may not be viable. However, both the Tennessee Supreme Court and the United States Supreme Court have recognized that "experienced advocates have long 'emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues.'" *Cooper v. State*, 849 S.W.2d 744, 747 (Tenn. 1993) (quoting *Jones*, 463 U.S. at 751); *see Carpenter*, 126 S.W.3d at 892 (concluding that counsel's strategic decision to not raise on appeal the trial court's failure to instruct the jury on a lesser-included offense was reasonable when counsel did not believe the issue had merit and decided to instead focus on other issues he believe to be viable). This court also has held that counsel made a reasonable tactical decision to forego challenging a defendant's sentence on direct appeal when counsel did not believe the challenge would be successful and decided to focus on issues which he believed had more merit. *See, e.g. Brandon Churchman*, 2019 WL 3072166, at *5; *Terrence Justin Feaster v. State*, No. E2018-00193-CCA-R3-PC, 2018 WL 5734476, at *3 (Tenn. Crim. App. Nov. 1, 2018), *perm. app. denied* (Tenn. Jan. 16, 2019); *Christopher D. Neighbours v. State*, No. M2015-01904-CCA-R3-PC, 2016 WL 6678535, at *11 (Tenn. Crim. App. Nov. 14, 2016).

At the post-conviction hearing, the Defendant made no allegations regarding the basis upon which trial counsel should have challenged the Defendant's sentence on direct appeal, and the post-conviction court made no findings regarding such a basis in granting the delayed appeal. Rather, both the Defendant and the post-conviction court focused upon the fact that the Defendant received a lengthy sentence. However, in arguing that trial counsel was ineffective, the Defendant has failed to cite to any authority establishing that an attorney's failure to challenge a lengthy sentence on direct appeal is deficient per se, and we likewise find no such authority. Because the relative strength of the omitted issue is one of the factors that a court must consider in evaluating whether counsel was deficient in omitting a particular issue on direct appeal, *see Carpenter*, 126 S.W.3d at 887-88, the Defendant, who bears the burden of establishing deficiency, was required to present evidence during the post-conviction hearing regarding the basis upon which his sentence was challengeable on direct appeal. The Defendant argues in his appellate brief in this delayed appeal that the trial court misapplied one enhancement factor, erred in weighing the applicable enhancement factors, and improperly imposed partial consecutive sentences. However, the Defendant made no such argument in the post-conviction court in claiming that trial counsel was ineffective.

Trial counsel testified that he did not challenge the Defendant's sentence on appeal because he believed the sentence imposed by the trial court was consistent with the verdict and the sentencing guidelines. The transcript of the sentencing hearing and the applicable law supports trial counsel's testimony. The record reflects that during the sentencing hearing, the trial court made extensive findings, applied four enhancement factors with findings as to the basis for applying each enhancement factor, assigned varying degrees of weight to each enhancement factor, and determined that no mitigating factors applied. The trial court imposed the minimum sentence of twenty-five years as a Range II offender for each conviction of rape of a child, a Class A felony, and, thus, any challenge of the length of this sentence would have been unsuccessful on appeal. *See* T.C.A. §§ 39-13-522(b); 40-35-112(b)(1). The trial court imposed mid-range, Range I sentences of ten years for the conviction of aggravated sexual battery, a Class B felony, and five years for soliciting sexual exploitation of a minor, a Class C felony. *See* T.C.A. §§ 39-13-504(b); 39-13-529(b)(2), (e)(2); 40-35-112(a). Because the trial court imposed within-range sentences that reflected a proper application of the purposes and principles of sentencing, this court would have reviewed the sentences on direct appeal for abuse of discretion, with a presumption of reasonableness. *See State v. Bise*, 380 S.W.3d 682, 707-08 (Tenn. 2012).

Although the Defendant claims in this delayed appeal that the trial court misapplied an enhancement factor and erred in weighing the applicable enhancement factors, the misapplication of an enhancement factor is not a basis for reversal of a trial court's sentencing decision so long as the sentence is consistent with the purposes and

principles of sentencing, *see id.* at 706, and a claim that the trial court improperly weighed the enhancement and mitigating factors is not a ground for appeal, *see State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). The Defendant also challenges the trial court's imposition of partial consecutive sentences based upon Tennessee Code Annotated section 40-35-115(b)(5):

> The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

However, the trial court made extensive findings with regard to the factors in subsection (b)(5). The trial court's decision to impose partial consecutive sentences is presumed to be reasonable, and did not constitute an abuse of discretion. *See State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013) (providing that the standard of review for consecutive sentencing is abuse of discretion with a presumption of reasonableness).

The evidence presented during the post-conviction hearing and the record from the trial establish that trial counsel made a reasonable, strategic decision to forgo challenging the Defendant's sentence on direct appeal. The post-conviction court failed to give deference to trial counsel's tactical choice, and the evidence preponderates against the post-conviction court's rejection of trial counsel's strategic decision. Because trial counsel was not deficient, the post-conviction court erred in finding ineffective assistance of counsel and in granting a delayed appeal.

## B. Prejudice

Notwithstanding our conclusion that trial counsel was not deficient, we also conclude that the Defendant failed to meet his burden of presenting evidence to establish actual prejudice. The Defendant argues, and the post-conviction court appeared to conclude, that the omission of the issue of sentencing on direct appeal was presumptively prejudicial as set forth in *Wallace*. In *Wallace*, our supreme court held that trial counsel's deficient performance in failing to timely file a motion for new trial was presumptively prejudicial because counsel abandoned his client in a critical stage of the proceedings, which "resulted in the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." *Wallace*, 121 S.W.3d at 658. The court in *Wallace* distinguished the circumstances in the case from this court's opinion in *State v. Kenneth S. Griffin*, No. E2000-02471-CCA-R3-CD, 2001 WL 710178, at *2 (Tenn. Crim. App. June 25, 2001), in which this court applied the

actual prejudice standard under *Strickland* to a claim that counsel was ineffective in failing to include certain issues in the direct appeal. *Wallace*, 121 S.W.3d at 659 n.6. The court noted that unlike counsel in *Wallace*, counsel in *Kenneth S. Griffin* "filed a motion for new trial and did not completely fail to subject the State to any direct appellate scrutiny." *Id.*

Since *Wallace*, this court has continued to apply the actual prejudice standard in *Strickland* to claims that counsel was ineffective in failing to raise certain issues in a properly perfected direct appeal. *See, e.g. Larry McNutt v. State*, No. W2016-01086-CCA-R3-PC, 2017 WL 4004172, at *6-7 (Tenn. Crim. App. Sept. 8, 2017); *Joletta Summers v. State*, No. W2016-02157-CCA-R3-PC, 2017 WL 2998787, at *11-14 (Tenn. Crim. App. July 14, 2017); *Michael Deshawn Smith v. State*, No. W2013-01344-CCA-R3-PC, 2014 WL 7083076, at *4 (Tenn. Crim. App. Dec. 15, 2014); *James Frederick Hegel v. State*, No. E2013-01630-CCA-R3-PC, 2014 WL 2106703, at *9 (Tenn. Crim. App. May 19, 2014). In the present case, trial counsel filed a timely motion for new trial and a timely notice of appeal and litigated multiple issues, which this court addressed on their merits, on direct appeal. Therefore, we cannot conclude that trial counsel's decision not to challenge the Defendant's sentence on direct appeal "amounted to a complete failure to subject the State's case to appellate scrutiny." *Wallace*, 121 S.W.3d at 660. Thus, counsel's performance was not presumptively prejudicial.

The Defendant did not present evidence or argument to the post-conviction court establishing a basis upon which to challenge his sentence on direct appeal. Furthermore, his claims in this direct appeal that the trial court misapplied an enhancement factor, improperly weighed the enhancement factors, and erred in imposing partial consecutive sentences would not have resulted in a lesser sentence had he raised the issues on direct appeal. Accordingly, we cannot conclude that there is a reasonable probability that, had trial counsel challenged the Defendant's sentence on direct appeal, the result of the proceeding would have been different. *See Grindstaff*, 297 S.W.3d at 216; *see Strickland*, 466 U.S. at 687, 694. Because the Defendant failed to establish that trial counsel was ineffective on appeal, the post-conviction court erred in granting the Defendant a delayed appeal.

## CONCLUSION

We conclude that the post-conviction court erred in granting the delayed appeal. We note that the post-conviction court did not stay the resolution of the remaining post-conviction claims pending resolution of this delayed appeal but instead addressed the Defendant's claims on their merits. The post-conviction court then noted the appeal of denial of the remainder post-conviction claims may be stayed pending this court's review of the delayed appeal. This court has held that once a post-conviction court grants a

- 13 -

delayed appeal following an evidentiary hearing, the post-conviction court, and not this court, should stay the petitioner's other post-conviction claims pending resolution of the delayed appeal. *See Torres v. State*, 543 S.W.3d 141, 148 (Tenn. Crim. App. 2017); *see also Sharod Winford Moore v. State*, No. M2017-02314-CCA-R3-PC, 2019 WL 643575, at *4 (Tenn. Crim. App. Feb. 15, 2019), *no. perm. app. filed*; *Roy Thomas Rogers, Jr., v. State*, No. W2017-01939-CCA-R3-PC, 2018 WL 6075655, at *5 (Tenn. Crim. App. Nov. 20, 2018), *no. perm. app. filed*. By failing to stay the remainder of the post-conviction proceeding pending the resolution of the delayed appeal and instead ruling on those claims, the post-conviction court effectively denied the Petitioner the opportunity to appeal the denial of relief with regard to those remaining post-conviction claims. Accordingly, we vacate the post-conviction court's order addressing the remaining post-conviction claims and remand the case to the post-conviction court for further proceedings, including the entry of an order addressing the Petitioner's remaining claims. *See* Tenn. Sup. Ct. R. 28, § 9(D)(1)(b)(i); *Sharod Winford Moore*, 2019 WL 643575, at *4; *Torres*, 543 S.W.3d at 148.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE